WILSON, A MINOR; IN RE.

Common Pleas Court, Cuyahoga County.

Decided April 17, 1963.

FACTS:

McDERMOTT, J.  Eugene Wilson is a minor five years of age. This Declaratory Judgment Action is brought on his behalf by his mother and next friend, Leona Hamp. Plaintiff alleges that he was born on September 30, 1956, in Cleveland, Ohio, and that he was conceived and born as a result of engagement in sexual relations by his mother and the defendant prior and after the time that he was conceived.

Plaintiff further alleges that his mother, during the time of pregnancy while carrying him, brought a bastardy action in the Juvenile Court of Cuyahoga County, Ohio, being Case No. 171,295 to have declared that the defendant is the father of this plaintiff. Said action was subsequently on December 20, 1956, dismissed by plaintiff's mother upon the promise of the defendant to support the plaintiff until he became 18 years of age or emancipated prior thereto. It is further alleged that the defendant did support the plaintiff for a period of approximately five years until November of 1960 by paying his mother regular support payments of $40.00 every two weeks. Since that date numerous requests had been made by the plaintiff's mother of the defendant to continue making support payments on behalf of the plaintiff but the defendant has refused to make such further payments and now denies that he is the father of the plaintiff. At the time of the plaintiff's birth and on numerous occasions thereafter, the mother has requested of the defendant to lend his name in order that the plaintiff may carry the last name of his father. The defendant has repeatedly refused and continues to refuse to permit his last name to be used by the plaintiff. The plaintiff's mother is now a married woman having entered into matrimony on October 21, 1957, and since is the wife of Edford Hamp and in such status and conformity with the laws of the State of Ohio is no longer able to pursue an action in bastardy against the defendant.

Plaintiff prays for a Declaratory Judgment, as to his rights, status and legal relationship to the defendant that the defendant be declared the father of the plaintiff and ordered to continue to support and fully maintain him until he becomes 21 years of age or emancipated at a time prior thereto, and further relief as the Court may deem proper and just in the premises, all at defendant's costs. The defendant was duly served in this cause with service of summons on his person according to law and susequently submitted himself to the jurisdiction of this Court by filing an Answer admitting the minority of the plaintiff and that Juvenile Court Case No. 171,295 was dismissed, generally denying all material allegations contained in the petition and averring that the facts stated in the petition did not state a cause of action. Although properly notified by his counsel of record and this Court as to the time and place of trying this cause, defendant failed to appear at the trial of the within action even though several continuances were extended to afford him the opportunity of attending the trial. A jury trial having been waived the Court found, after due consideration of the testimony and other evidence produced at the hearing, that the plaintiff was conceived and then born on September 30, 1956, at Cleveland, Ohio, as a result of the sexual relations had by the defendant and the mother of the plaintiff. The Court further found that the defendant had voluntarily acknowledged from time to time that he is the father of the plaintiff and had made regular support payments of $40.00 every two weeks up and to November of 1960, and since that time has refused to fulfill his paternal obligations to the plaintiff.

*QUESTION PRESENTED*:

Will a Declaratory Judgment action lie to determine a minor's rights, status, and other legal relations re this defendant?

*DISCUSSIONS*:

The granting of a declaratory judgment is within the sound discretion of this court, and the court's jurisdiction to grant such judgment is not limited by the terms of the statutes to those cases in which no other remedy is available either at law or in equity.

The sections contained in Chapter 2721 specifically pro-

vide for a right of action which was unknown to the common law; jurisdiction to render this form of redress is solely dependent upon statutory authorization. It is provided therein that courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.

The pertinent portions of the sections are as follows:

"Section 2721.01, Revised Code. As used in Sections 2721.-01 to 2721.15, inclusive, Revised Code, 'person' means *any person,* * * *.

"Section 2721.02, Revised Code. Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed * * *"

These sections of the statute shall be so interpreted and construed as to effectuate their general purpose to make the law of Ohio uniform with the law of those states which enact similar sections, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

Counsel for the plaintiff will prepare an appropriate journal entry in accord with the foregoing, all at the defendant's costs.